SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2567 PA (JTLx) | Date | June 2, 2008 |
|---|---|---|---|
| Title | Vera Palmer, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Rosa Morales | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant City of Los Angeles[1] (Docket No. 4). Defendants contend that the claims alleged in the Complaint filed by plaintiffs Vera Palmer, Addriane Kenney, Alfred Johnson, Ivy Allen, Anthia Allen, Chuks Cuckawoodi, and Jeanee Brown (collectively "Plaintiffs") are barred by the applicable statutes of limitation and failure to timely comply with the requirements of the Government Tort Claims Act. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 2, 2008, is vacated, and the matter taken off calendar.

According to the Complaint, Plaintiffs attended a memorial service in a private home on December 3, 2005. Plaintiffs allege that during the gathering, attended by approximately 100 people, officers from the Los Angeles Police Department "stormed the repast and assaulted and attacked the attendees . . . with guns and billy clubs drawn and began assaulting, grabbing, tackling, beating, kicking and pepper spraying many of the repast attendees, including Plaintiffs." After being ordered to leave the memorial service, Plaintiffs went to the 108th Division Police Station to file complaints against the officers. While at the police station, Plaintiffs allege that they were not allowed to fill out complaints, and instead were physically pushed, trampled, and forced out of the police station.

Plaintiffs filed this action in state court on March 11, 2008. The Complaint alleges claims for: (1) excessive force under 42 U.S.C. § 1983; (2) false arrest and imprisonment under 42 U.S.C. § 1983; (3) failure to properly train and supervise under 42 U.S.C. § 1983; (4) deprivation of constitutional rights under 42 U.S.C. § 1981; (5) assault and battery; (6) false imprisonment; (7) intentional infliction of

---

[1]   Defendant William Bratton filed a Notice of Joinder on May 30, 2008. That Notice of Joinder also states that Manuel Moreno and Minh Nguyen join in the Motion. However, because those two individuals are not named in the Complaint, and no amendment naming those individuals has been filed, it is not clear why they have done so. The Court will therefore consider the Motion only as it relates to the City and Chief Bratton (collectively "Defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2567 PA (JTLx) | Date | June 2, 2008 |
|---|---|---|---|
| Title | Vera Palmer, et al. v. City of Los Angeles, et al. | | |

emotional distress; and (8) negligent infliction of emotional distress. Defendants removed the action based on the Court's federal question jurisdiction and filed the Motion to Dismiss. Plaintiffs have not filed an Opposition to the Motion. See Local Rule 7-12 ("The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

Defendants claim that the Complaint fails to state a claim upon which relief can be granted. Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at __, 127 S. Ct. at 1965, 167 L. Ed. 2d 929 (citations omitted); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). For a complaint to survive a motion to dismiss, it must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at __, 127 S. Ct. at 1974, 167 L. Ed. 2d 929. The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

Defendants assert that the federal claims alleged in the Complaint are barred by the applicable statute of limitations. "State law determines the statute of limitations for claims brought under 42 U.S.C. § 1983." Harding v. Galceran, 889 F.2d 906, 907 (9th Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985)). The statute of limitations for personal injury actions applies to § 1983 claims. Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997) (citing Wilson, 471 U.S. at 276, 105 S. Ct. at 1947, 85 L. Ed. 2d 254). In California, the statute of limitations for personal injuries is two years. Cal. Code Civ. Proc. § 335.1. Because the incident giving rise to Plaintiffs' claims occurred on December 3, 2005, but the Complaint was not filed until March 11, 2008, Plaintiffs' federal claims are barred by the statute of limitations. The Court therefore dismisses the Complaint's first, second, third, and fourth claims with prejudice.

SEND<br>JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2567 PA (JTLx) | Date | June 2, 2008 |
|---|---|---|---|
| Title | Vera Palmer, et al. v. City of Los Angeles, et al. | | |

    The Court possesses only supplemental jurisdiction over Plaintiffs' fifth through eighth state law causes of action pursuant to 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994). Thus, the Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

    The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law causes of action for assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress because the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court remands Plaintiffs' fifth through eighth causes of action to the Los Angeles Superior Court, Case Number TC 021763. Plaintiff's first through fourth claims are dismissed with prejudice.

    IT IS SO ORDERED.